UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                 Chapter 13
                                                                       Case No. 1-24-44726
DORIS AGYEN,
                                                                       **ORDER TO SHOW CAUSE**

        Debtor
-----------------------------------------------------------x

Upon reading and filing the annexed affirmation of Joshua Bronstein, Esq., principal of the Law Offices of Joshua Bronstein & Associates, PLLC, attorney for the debtor, dated November 13, 2024 and the annexed affidavits of the debtor, dated November 13, 2024, with exhibits annexed thereto; and upon all the prior proceedings and papers in this action, and sufficient cause appearing therefore:

**LET** any creditors and other interested parties show cause before this Court telephonically or by videoconference, United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on November 14, 2024 at 3:00 P.M., or as soon thereafter as counsel can be heard, why an order should not be made and entered imposing the automatic stay in this case pursuant to 11 U.S.C. § 362(c)(4)(B) and for relief pursuant to 11 U.S.C. § 362(c)(4)(B) from the Order signed by the Honorable Elizabeth S. Strong on April 9, 2024, Case No. 1-24-40506-ess, which modified the automatic stay pursuant to 11 U.S.C. § 362(a) so that "any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Block: 6383; Lot: 46) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns, for a period of two (2) years marked from entry of the within Order, except that a debtor may move for relief from this Order on notice to the

Movant, the Chapter 13 Trustee, and the United States Trustee" and granting such other and further relief as this Court deems just and proper.

**ORDERED** that the automatic stay is hereby imposed in this case pursuant to 11 U.S.C. § 362(c)(4)(B).

**ORDERED** that service of this Order to Show Cause together with the application be served on or before the end of the businessday on November 14, 2024, upon Friedman Vartolo, LLP, attorneys for the Movant in the foreclosure action, via email; upon the Trustee at via electronic filing via CM/ECF; and United States Trustee via electronic filing via CM/ECF.

Dated: Brooklyn, New York
       November    , 2024

                                                                                                  _____
                                                                                         Elizabeth S. Strong
                                                                                         United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                          Chapter 13
                                                                Case No. 1-24-44726

DORIS AGYEN,
                                                                **AFFIRMATION IN SUPPORT**
        Debtor                                       **OF ORDER TO SHOW CAUSE**

-----------------------------------------------------------x

      Joshua Bronstein, an attorney duly admitted to practice law in the Courts of the State of New York, states the following pursuant to the penalties of perjury:

    1.    I am the attorney for the Debtor in this case.

    2.    I make this affirmation in support of the Debtor's Order to Show Cause motion for an order:

        A) Imposing the automatic stay in this case pursuant to 11 U.S.C. § 362(c)(4)(B); and

        B) For relief pursuant to 11 U.S.C. § 362(c)(4)(B) from the Order signed by the Honorable Elizabeth S. Strong on April 9, 2024, Case No. 1-24-40506-ess, which modified the automatic stay pursuant to 11 U.S.C. § 362(a) so that "any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Block: 6383; Lot: 46) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns, for a period of two (2) years marked from entry of the within Order, except that a debtor may move for relief from this Order on notice to the Movant, the Chapter 13 Trustee, and the United States Trustee"; and

        C) Granting such other and further relief as this Court deems just and proper.

3. There is currently a foreclosure auction scheduled for Friday, November 15, 2024 at 10:00 A.M. in the Queens County Supreme Court at 88-11 Sutphin Blvd, Jamaica, NY 11435. Please see "Exhibit A" annexed hereto for Notice of the Sale.

4. The debtor seeks this emergency relief on the grounds that immediate and irreparable harm will result if the automatic stay is not restored. Specifically, the debtor faces an imminent foreclosure sale on her primary residence that will irreparably harm the debtor's ability to reorganize and preserve its assets for the benefit of all creditors.

5. The automatic stay under 11 U.S.C. § 362(a)(1) halts the commencement or continuation of any action or proceeding to recover a claim against the debtor that arose prior to the commencement of the bankruptcy proceeding.

6. An Order signed by the Honorable Elizabeth S. Strong on April 9, 2024, Case No. 1-24-40506-ess, modified the automatic stay pursuant to 11 U.S.C. § 362(a) so that "any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Block: 6383; Lot: 46) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns, for a period of two (2) years marked from entry of the within Order, except that a debtor may move for relief from this Order on notice to the Movant, the Chapter 13 Trustee, and the United States Trustee". Please see "Exhibit B" annexed hereto for a copy of the Order.

7. As stated in the Debtor's annexed Affidavit, her previous bankruptcy filings did not proceed to confirmation because she did not have sufficient income and was proceeding without an attorney to advise her.

8. As stated in the Debtor's Affidavit, her circumstances have drastically changed since the prior bankruptcy filing, including the successful removal of non-paying tenants on the second floor of the property, which is now vacant and being placed on the market for rent for $3,027 per month, the going rate for a 2 bedroom voucher with Section 8 housing. This is further detailed in the annexed Affidavit of Changed Circumstances.

9. The debtor respectfully submits that the restoration of the automatic stay is necessary to prevent such harm and to allow the debtor to continue its reorganization efforts under Chapter 11 of the Bankruptcy Code.

10. Section § 362(c)(4)(B) of the Bankruptcy Code allows the court to impose the automatic stay if the debtor had two or more bankruptcy cases dismissed within the previous year, provided the debtor demonstrates that the filing of the current case is in good faith as to the creditors to be stayed. ***Santodonato v. Voelker, 22 Misc. 3d 1122(A)***.

11. It should also be noted that the balance of equities favors staying the sale. The creditors will be paid and the Defendant will not suffer irreparable harm or the loss of her primary residence and the equity that remains.

12. Notice was provided to the creditor's attorneys, Friedman Vartolo, LLP. Please see "Exhibit C" annexed hereto for Notice of the order to show cause motion.

13. No prior application for the relief requested herein has been made before.

**WHEREFORE,** your affiant respectfully requests that the order to show cause be granted in its entirety; together with such other and further relief as this Court may deem just and proper.

Dated: November 13, 2024
      Port Washington, New York

By: /s/ *Joshua Bronstein*

JOSHUA R. BRONSTEIN, ESQ.
The Law Offices of Joshua Bronstein
& Associates PLLC
*Attorneys for Debtor*
114 Soundview Drive
Port Washington, NY 11050
Tel.: (516) 698-0202

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                Chapter 13
                                                                      Case No. 1-24-44726

DORIS AGYEN,
                                                                      **AFFIDAVIT IN SUPPORT**
            Debtor                                                    **OF ORDER TO SHOW CAUSE**

---------------------------------------------------------x

State of New York    )
                     ) ss.:
County of Queens     )

  Doris Agyen, being duly sworn, deposes and says:

  1. I am the debtor in this Chapter 13 case which was filed on November 13, 2024. I filed a previous Chapter 13 case, case number 1-17-43117 on June 15, 2017, a previous Chapter 13 case, case number 1-17-45268 on October 12, 2017, and a previous Chapter 7 case, case number 1-24-40506.

  2. I make this affidavit in support of the Order to Show Cause motion for an order:

  A) Imposing the automatic stay in this case pursuant to 11 U.S.C. § 362(c)(4)(B); and

  B) For relief pursuant to 11 U.S.C. § 362(c)(4)(B) from the Order signed by the Honorable Elizabeth S. Strong on April 9, 2024, Case No. 1-24-40506-ess, which modified the automatic stay pursuant to 11 U.S.C. § 362(a) so that "any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Block: 6383; Lot: 46) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns, for a period of two (2) years marked from entry of the within Order, except that a debtor may move for relief from this

Order on notice to the Movant, the Chapter 13 Trustee, and the United States Trustee"; and

C) Granting such other and further relief as this Court deems just and proper.

3. There is currently a foreclosure auction scheduled for Friday, November 15, 2024 at 10:00 A.M. in the Queens County Supreme Court at 88-11 Sutphin Blvd, Jamaica, NY 11435.

4. I seek this emergency relief on the grounds that immediate and irreparable harm will result if the automatic stay is not restored. Specifically, I am facing an imminent foreclosure sale on her primary residence that will irreparably harm my ability to reorganize and preserve its assets for the benefit of all creditors.

5. My previous bankruptcy filings did not proceed to confirmation because I did not have sufficient income and was proceeding without an attorney to advise me.

6. My circumstances have drastically changed since the prior bankruptcy filing, including the successful removal of non-paying tenants on the second floor of the property, which is now vacant and being placed on the market for rent for $3,027 per month, the going rate for a 2 bedroom voucher with Section 8 housing. This is further detailed in the annexed Affidavit of Changed Circumstances.

7. I am also making more at my job now than ever before, with a gross take home of $12,000.00 per month. This plus the rental income will allow me to file a confirmable Plan, and I plan to apply for all loss mitigation options, which should make my case easier to complete.

8. I have been saving up to begin resuming payments, and I have approximately $45,000.00 in the bank to dedicate to the eventual Plan.

9. I have filed this petition in good faith. I now have both the means and the ability to undertake and complete my obligations under this case, I just need a chance. Accordingly, I

respectfully request that the automatic stay be imposed in this case and applied to all creditors through the duration of this case.

10. I respectfully submit that the restoration of the automatic stay is necessary to prevent such harm and to allow me to continue its reorganization efforts under Chapter 11 of the Bankruptcy Code.

11. No prior application for the relief requested herein has been made before.

WHEREFORE, your affiant respectfully requests that the order to show cause be granted in its entirety; together with such other and further relief as this Court may deem just and proper.

Dated: November 13, 2024
       Port Washington, New York

                                           /s/Doris Agyen/s/
                                           Doris Agyen

Sworn to before me this
13th day of November, 2024

*Joshua Bronstein*
Joshua Bronstein
NOTARY PUBLIC, State of New York
No. 02BR5198214
Qualified in Nassau County
My Commission Expires May 8, 2025

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                    Chapter 13
                                                                              Case No. 1-24-44726
DORIS AGYEN,
                                                                              **AFFIDAVIT OF CHANGED**
          Debtor                                          **CIRCUMSTANCES**
---------------------------------------------------------x

State of New York      )
                        ) ss.:
County of Queens     )

      Doris Agyen, being duly sworn, deposes and says:

      1.      I am the debtor in this Chapter 13 case which was filed on November 13, 2024. I filed a previous Chapter 13 case, case number 1-17-43117 on June 15, 2017, a previous Chapter 13 case, case number 1-17-45268 on October 12, 2017, and a previous Chapter 7 case, case number 1-24-40506.

      2.      My previous bankruptcy filings did not proceed to confirmation because I did not have sufficient income and was proceeding without an attorney to advise me.

      3.      My circumstances have drastically changed since the prior bankruptcy filing, including the successful removal of non-paying tenants on the second floor of the property, which is now vacant and being placed on the market for rent for $3,027 per month, the going rate for a 2 bedroom voucher with Section 8 housing.

      4.      I am also making more at my job now than ever before, with a gross take home of $12,000.00 per month. This plus the rental income will allow me to file a confirmable Plan, and I plan to apply for all loss mitigation options, which should make my case easier to complete.

5.      Additionally, I have been saving up to begin resuming payments, and I have approximately $45,000.00 in the bank to dedicate to the eventual Plan.

                                        /s/Doris Agyen/s/
                                        Doris Agyen

Sworn to before me this
13th day of November, 2024

*Joshua Bronstein*
Joshua Bronstein
NOTARY PUBLIC, State of New York
No. 02BR5198214
Qualified in Nassau County
My Commission Expires May 8, 2025

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                                                                  Chapter 13
                                                                                              Case No. 1-24-44726

DORIS AGYEN,
                                                                                              **CERTIFICATE OF SERVICE**

        Debtor
----------------------------------------------------------x

       The undersigned certifies that on November 14, 2024, a copy of the annexed papers was served via email, electronic filing via CM/ECF and NYSCEF upon:

Friedman Vartolo, LLP
*Attorneys for Creditor*
*US Bank Trust National Association, As Trustee of the Tiki Series III*
bankrupcty@friedmanvartolo.com

Krista M. Preuss
*Chapter 13 Trustee*
info@ch13edny.com

Office of the United States Trustee
Eastern District of NY (Brooklyn)
USTPRegion02.BR.ECF@usdoj.gov


Dated:  November 13, 2024
         Port Washington, New York


                                                           By: *Joshua Bronstein*
                                               JOSHUA R. BRONSTEIN, ESQ.
                                               The Law Offices of Joshua Bronstein
                                               & Associates PLLC
                                               *Attorneys for Debtor*
                                               114 Soundview Drive
                                               Port Washington, NY 11050
                                               Tel.: (516) 698-0202

"EXHIBIT A"

# NOTICE OF SALE

SUPREME COURT COUNTY OF QUEENS, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III, Plaintiff, vs. DORIS AGYEN, Defendant(s).

Pursuant to a Judgment of Foreclosure and Sale duly entered on March 23, 2017, and a Short Form order duly entered on August 29, 2024, an Order Extending Time to Schedule Sale, I, the undersigned Referee will sell at public auction at the Queens County Supreme Courthouse, on the second floor in Courtroom 25, 88-11 Sutphin Boulevard, Jamaica, NY 11435 on November 15, 2024 at 10:00 a.m., premises known as 135-18 Horace Harding Expressway, Flushing, NY 11367. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Queens, County of Queens, City and State of New York, Block 6383 and Lot 46. Approximate amount of judgment is $626,436.90 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index # 700356/2022.

Gerard M. Bambrick, Esq., Referee

Friedman Vartolo LLP, 85 Broad Street, Suite 501, New York, New York 10004, Attorneys for Plaintiff
FV File No.: 190291-1

"EXHIBIT B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Case No. 1-24-40506-ess

------------------------------------------------x
In re:

Chapter 13

DORIS O. AGYEN,

HON. Elizabeth S. Stong

        Debtor.
------------------------------------------------x

## ORDER GRANTING *IN REM* RELIEF
## FROM THE AUTOMATIC STAY

Upon the motion, dated February 20, 2024, (the "Motion"), of SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Tiki Series III Trust (with any subsequent successor or assign, the "Movant"), for an order, pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Section: n/a; Block: 6383; Lot: 46) for a period of two (2) years; pursuant to 11 U.S.C. §§ 362 (d)(1) and (d)(2), vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor's premises; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on March 26, 2024 and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby;

**ORDERED,** that pursuant to 11 U.S.C. § 362(d)(4), the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is ~~vacated~~ *modified* upon entry of ~~the within~~ *this* Order and *if this Order is recorded in compliance with applicable laws governing notices of interests or liens in real property,* any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Section: n/a; Block: 6383; Lot: 46) (the "Property"), shall not operate as a stay against Movant,

its successors and/or assigns, for a period of two (2) years marked from entry of the within Order, except that a debtor may move for relief from this Order on notice to the Movant, the Chapter 13 Trustee, and the United States Trustee; and it is further

~~**ORDERED** that the Motion is granted as provided herein; and it is further~~

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is ~~vacated~~ *modified* under sections 362(d)(1) and (d)(2) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant's ~~enforcement~~ *pursuit* of its rights ~~in~~, *under applicable law with respect* ~~and remedies in and~~ to, the Property; and it is further

~~**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $199.00 as provided in the loan documents; and it is further~~

**ORDERED** that the Movant shall promptly report to the Chapter 13 Trustee any surplus monies realized by any sale of the Property.

Dated: Brooklyn, New York
April 9, 2024



_____
Elizabeth S. Stong
United States Bankruptcy Judge

I hereby attest and certify on 04|15|24 that this document is a full, true and correct copy of the original filed on the court's electronic case filing system.

Clerk, US Bankruptcy Court, EDNY

By _____ Deputy Clerk

"EXHIBIT C"

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br><br>In re:<br><br>DORIS AGYEN,<br><br>                Debtor<br>----------------------------------------------------------x | Return Date:  November 14, 2024<br>Time:  3:15 P.M.<br><br>Chapter 13<br>Case No. 1-24-44726<br><br>**NOTICE OF ORDER TO**<br>**SHOW CAUSE** |

       **PLEASE TAKE NOTICE,** that upon the annexed application on November 14, 2024 at 3:15 P.M., or as soon thereafter as counsel can be heard for an order imposing the automatic stay in this case pursuant to 11 U.S.C. § 362(c)(4)(B); for relief pursuant to 11 U.S.C. § 362(c)(4)(B) from the Order signed by the Honorable Elizabeth S. Strong on April 9, 2024, Case No. 1-24-40506-ess, which modified the automatic stay pursuant to 11 U.S.C. § 362(a) so that "any future filing in any case under the Bankruptcy Code purporting to affect the real property known as 135-18 Horace Harding Expressway, Flushing, NY 11367 (County: Queens; Block: 6383; Lot: 46) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns, for a period of two (2) years marked from entry of the within Order, except that a debtor may move for relief from this Order on notice to the Movant, the Chapter 13 Trustee, and the United States Trustee"; and granting such other and further relief as this Court deems just and proper.

       **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall be made in writing, shall set forth with particularity, the grounds for such objection and shall be filed with the Clerk of the Court along with an extra copy marked "Chambers Copy", Trustee, United States Trustee, and the Movant on or before November 14, 2024.

Dated: November 13, 2024

Port Washington, New York

By: *Joshua Bronstein*

JOSHUA R. BRONSTEIN, ESQ.
The Law Offices of Joshua Bronstein
& Associates PLLC
*Attorneys for Debtor*
114 Soundview Drive
Port Washington, NY 11050
Tel.: (516) 698-0202